IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | CHAPTER 7 |
| DANIEL C. CORCORAN : | BANKRUPTCY NO. 24-10694(MDC) |
| Debtor : | |
| ROBERT W. SEITZER, : Chapter 7 Trustee for the Estate of DANIEL C. CORCORAN; : | |
| Plaintiff, : | |
| v. : | ADVERSARY NO. 24- |
| CITIBANK, N.A.; : | |
| Defendant. : | |

**COMPLAINT OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
TO AVOID AND RECOVER A PREFERENTIAL TRANSFER PURSUANT TO 11
U.S.C. §§ 547 AND 550 AND FOR OTHER RELATED RELIEF**

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for the estate of Daniel C. Corcoran (the "Debtor"), brings this adversary proceeding, pursuant to Fed. R. Bankr. P. 7001, to avoid and recover a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550 and other related relief and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F), and (O).

3. Venue of the Debtor's bankruptcy case and this adversary proceeding is properly

in the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to Sections 547 and 550 of the Bankruptcy Code, a preferential transfer that was made or caused to be made to or for the benefit of the Defendant (as hereinafter defined), to disallow certain claims pursuant to Section 502(d) of the Bankruptcy Code, and to recoup reasonable attorneys' fees and costs pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES

5. The Plaintiff is Robert W. Seitzer, the Chapter 7 Trustee for the Debtor's bankruptcy estate.

6. Citibank, N.A. (the "Defendant") is a National Association that maintains a principal place of business at 388 Greenwich Street, New York, NY 10013.

## FACTUAL BACKGROUND

**A.  Bankruptcy and Procedural Background**

7. On February 29, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

8. On March 1, 2024, the Office of the United States Trustee appointed Robert W. Seitzer as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

**A.  The Transfer**

9. On or within the ninety (90) days before the Petition Date (the "Preference Period"), on February 29, 2024, the Defendant obtained a judgment against the Debtor in the

2

Delaware County Court of Common Pleas at docket number CV-2023-00994 in the amount of $6,665.99 (the "Judgment")[1]. The Judgment is attached hereto as Exhibit "A" and made a part hereof.

10. The Judgment attached to the residential real property owned by the Debtor located at 1433 Greenway Road, Swarthmore, PA 19081 (the "Property") as a judicial lien (the "Judicial Lien").

11. The Judicial Lien is a transfer of an interest of the Debtor in property (the "Transfer").

12. The Trustee and his professionals have conducted reasonable due diligence in the circumstances of the Debtor's bankruptcy case and have reviewed the Debtor's Bankruptcy Schedules, Statement of Financial Affairs, and documentation relating to the Transfer.

13. Based on the Trustee's reasonable due diligence, taking into account the Defendant's known or reasonably known affirmative defenses under 11 U.S.C. § 547(c), the Trustee believes that the Defendant has no defenses to the avoidance and recovery of the Transfer.

## COUNT ONE
### (To Avoid Preferential Transfer Pursuant to 11 U.S.C. § 547)

14. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

15. On or within the Preference Period, the Transfer occurred.

16. The Trustee has conducted reasonable due diligence in the circumstances of the Debtor's bankruptcy case.

17. The Trustee has taken into account the Defendant's known or reasonably known

---

[1] While the Judgment was entered on the Petition Date, it appears to have been entered prior to the commencement of the Debtor's bankruptcy proceeding.

affirmative defenses under 11 U.S.C. § 547 and believes that the Defendant has no defenses to the avoidance and recovery of the Transfer.

18. The Transfer constitutes a transfer of an interest in property of the Debtor.

19. The Property was owned by the Debtor.

20. The Transfer was made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtor.

21. The Transfer was made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which the Transfer occurred.

22. The Debtor was insolvent for purposes of 11 U.S.C. § 547(b) when the Transfer was made. The Debtor's Bankruptcy Schedules reflect that his liabilities exceeded his assets on the Petition Date which is the date that the Transfer occurred.

23. The Debtor is presumed to be insolvent pursuant to 1 1 U.S.C. § 547(f) at the time that the Transfer was made.

24. The Transfer enabled the Defendant to receive more than it would have received if the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code, if the Transfer had not been made, and if the Defendant received payment of the debt(s) relating to the Transfer to the extent provided by the provisions of the Bankruptcy Code.

25. Based upon the foregoing, the Transfer constitutes an avoidable preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

26. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

27. The Defendant was the initial transferee of the Transfer.

28. The Defendant was the entity for whose benefit the Transfer was made.

29. Pursuant to 11 U.S.C. § 547(b), the Trustee may avoid the Transfer as a preferential transfer and, pursuant to 11 U.S.C. § 550, the Trustee may recover for the benefit of the Debtor's estate the Transfer, or the value of the Transfer, from the Defendant.

## COUNT THREE
### (Disallowing, Barring and Expunging the Defendant's Claims Pursuant to 11 U.S.C. § 502)

30. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

31. The Defendant is the transferee of the Transfer, which is avoidable and recoverable under 11 U.S.C. §§ 547 and 550.

32. The Defendant has failed and refused to turn over to the Trustee the value of the Transfer.

33. Pursuant to 11 U.S.C. § 502(d), if the Defendant asserts a claim against the Debtor in its bankruptcy case, including by way of the filing of a proof of claim pursuant to 11 U.S.C. § 501 (the "Filed Claim") in this case, any such claim must be disallowed until the Judgment is satisfied.

34. Pursuant to 11 U.S.C. § 502(d), the Trustee is entitled to entry of judgment disallowing any claim(s), including the Filed Claim(s), of the Defendant against the Debtor.

## COUNT FOUR
### (Attorneys' Fees - Bankruptcy Rule 7054)

35. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

36. The Trustee has incurred significant legal fees and expenses to pursue the claims against the Defendant.

37.     The Trustee is entitled to reasonable attorneys' fees pursuant to Bankruptcy Rule 7054.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment in his favor and against the Defendant:

(a)     declaring that the Transfer constitutes an avoidable preferential transfer pursuant to 11 U.S.C. § 547;

(b)     avoiding the Transfer pursuant to 11 U.S.C. § 550;

(c)     disallowing any claim(s) the Defendant may assert against the Debtor, including the Filed Claim, until such time as the Defendant has satisfied the Judgment pursuant to Section 550 of the Bankruptcy Code;

(d)     awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding pursuant to Bankruptcy Rule 7054; and

(e)     awarding the Trustee such other and further relief as may be just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:     /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Proposed Attorneys for the Plaintiff/Trustee*

Dated: March 22, 2024

# EXHIBIT "A"

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

RULE OF CIVIL PROCEDURE NO. 236

CITIIBANK NA,
    Plaintiff

v.

No. CV-2023-009944

DANIEL C CORCORAN,
    Defendant.

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 02-29-2024.

SIGNED    2024-02-29

PER    Office of Judicial Support

**TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.**
**NO EXCEPTIONS!**

PUBLIC ACCESS INFORMATION: www.co.delaware.pa.us

CC: MICHAEL J DOUGHERTY, DANIEL C CORCORAN

«DisplayName»    CV-2023-009944
«Address»

FILED
02-29-2024 09:11 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Copying Prohibited